**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
    Plaintiff

    v.                                      C.A. No. 14-175; 13-442-L

**STATE OF RHODE ISLAND**
    Defendant

---

## COURT MONITOR'S UPDATE ON RHODE ISLAND'S RESPONSE TO RECOMMENDATIONS FOR ENHANCEMENTS IN DEVELOPMENTAL DISABILITIES FY 2019 BUDGET AND PERSONNEL SERVICES

**June 1, 2018**

### I.    INTRODUCTION

This report is written to update the Court on the actions that the State has taken in response to my Report on Consent Decree Compliance issued on April 6, 2018. The compliance report identified two areas of particular concern: (a) significant funding reductions included in the Proposed FY 2019 budget for developmental disabilities services and (b) the lack of sufficient personnel resources to carry out Consent Decree requirements regarding the implementation of system wide quality improvement activities.

Testimony provided during the hearing before Judge John McConnell on April 10, 2018 noted that the level of financial commitment by the State for DD services in FY2018 was not maintained in the Governor's FY 2019 proposed budget of approximately $250 million. The proposed amount represents a cut of approximately $18.4 million as compared to current projected expenditures in FY 2018 of $268 million. I concluded that a reduction of this magnitude would seriously underfund developmental disabilities services for FY 2019 and would significantly impact the State's ability to comply with the Consent Decree. I further concluded that the number of staff devoted to quality improvement activities at the Division of Developmental Disabilities is not sufficient to fully implement its Quality Improvement Plan, consistent with Consent Decree Requirements.

The Court requested that the Parties meet to attempt to resolve these two concerns and determine any need for further action by the Court. I met with officials from the Department of Behavioral Health Developmental Disabilities and Hospitals, the Division of Developmental Disabilities, the Office of Rehabilitation Services, the Executive Office of Health and Human Services, and attorneys from the U.S. Department of Justice on May 2, 2018. During the meeting, and in subsequent actions, the State offered assurances that revisions will be made to the proposed FY 2019 budget for developmental disabilities services as needed to ensure that sufficient funding is available to meet the requirements of the Consent Decree. Such assurances were provided by Governor Raimondo in a letter dated May 14, 2018 (See Case No. 14-175, ECF No. 78; Case No. 13-442, ECF No. 35). With respect to the need for additional staffing to carry out quality improvement activities, the Division of Developmental Disabilities provided an analysis of the personnel resources needed to implement the Quality Improvement Plan. The Division's review concluded that three additional staff are necessary to perform provider reviews, prepare reports, provide training and complete other related functions. Steps currently are being taken to secure these additional staff.

**CONCLUSION**

I believe that the actions taken by the State address the problems and concerns that were identified in my report of April 6, 2018 with respect to the Governor's proposed FY 2019 budget for developmental disabilities services and the need to fully staff quality improvement activities. As a result of these actions I am not requesting a court order at this time. I will report on the State's progress on meeting the relevant provisions of the Consent Decree and the Interim Settlement Agreement in future reviews.

Respectfully Submitted,

Charles Moseley EdD
Court Monitor
June 1, 2018